# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7304 | **DATE** | 9/26/2012 |
| **CASE TITLE** | Ramish J. Brown vs. Studley, et al | | |

**DOCKET ENTRY TEXT**

We grant Plaintiff's application to proceed *in forma pauperis*. (4). It is so ordered. The Clerk of the Court is directed to issue summons and complaint to the U.S. Marshal's Service for service on defendants. A status hearing is set for 11/1/12 at 10:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Reserved for use by the Court)

## ORDER

Presently before us is Plaintiff Ranisah Brown's application to proceed *in forma pauperis* in her lawsuit against Defendants Sarah Studley, YAM Management LLC, John Bernadyn, and Fairview Care Center. Before granting leave to file *in forma pauperis*, we must first determine whether or not Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Plaintiff's complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I.*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

In support of her allegation of poverty, Plaintiff submitted the required financial affidavit. She states that she is not currently employed and has not been employed since January 2012. (Aff. ¶ 2.) She further declares that she has no additional sources of income, no assets, and no bank accounts containing more than $200. (*Id.* ¶¶ 4–8.) Additionally, Plaintiff is entirely responsible for the support of her son, who lives with her. (*Id.* ¶ 10.) Until the termination of her employment last January, Plaintiff earned a salary of $3000 per month. (*Id.* ¶ 2.)

The federal poverty guidelines establish different thresholds for indigency based on family size. The threshold for a family of two is $15,130. (*See* Health & Human Services 2012 Poverty Guidelines, *available at* http://aspe.hhs.gov/poverty/12poverty.shtml). According to her affidavit, over the last twelve months Plaintiff earned $3000 per month from the end of September 2011 until the end of January 2012, or approximately $12,000. Accordingly, Plaintiff's annual income is under the poverty guideline for a family of two. We thus find Plaintiff's allegation of poverty to be true.

We must next review the sufficiency of the complaint. Plaintiff, a former employee of Fairview Care

| STATEMENT |
|---|
| Center, alleges that Defendants wrongfully discharged Plaintiff from employment in retaliation for submitting a grievance with her employer. (Compl. ¶¶ 14–16.) Further, Plaintiff alleges that Defendants discriminated against her on the basis of race. (Compl. ¶ 32.) Examining the allegations as well as the attached procedural history, we find that Plaintiff has sufficiently stated a claim to survive this stage of review.<br><br>    For the foregoing reasons, we grant Plaintiff's application to proceed *in forma pauperis*. It is so ordered. |